<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SHAWN W. COLEMAN, | |
| Plaintiff, | Civil Action No. 15-8095-BRM-DEA |
| v. | **MEMORANDUM OPINION** |
| MARK CRANSTON, et al., | |
| Defendants. | |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is a civil rights Complaint filed by Plaintiff Shawn W. Coleman ("Plaintiff"), pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights had been violated by Defendants Mark Cranston ("Cranston") and Officer Francis ("Francis") (collectively, "Defendants"). (ECF No. 1.) Having previously granted Plaintiff's application to proceed *in forma pauperis* (ECF No. 5), pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit.

Plaintiff is currently confined at the Middlesex County Adult Correction Center. (ECF No. 1 at 3-4.) On November 12, 2014, Plaintiff was allegedly assaulted by five (5) correctional officers in masks. (*Id.* at 5.) For purposes of this Memorandum Opinion, the specific details of the assault are not relevant because Plaintiff does not assert claims against any of the officers involved in the alleged assault; instead, Plaintiff names only Cranston, the Warden of the County, and Francis, an internal affairs official, as defendants. Plaintiff alleges that Cranston "knows everything that goes

1

on in his county and he allows his officers to put on mask and body armor and go into units and viciously assault inmates, then hide behind his zero tolerance policy!!" (*Id.* at 4.) As to Francis, Plaintiff asserts he failed to investigate the alleged assault after Plaintiff filed an internal complaint. (*Id.*) The Complaint does not allege the Defendants (together or separately) had advanced knowledge of the alleged assault on Plaintiff. Nor does it allege any prior incidents of assaults by masked officers that might suggest that a pattern of assaults had been occurring in the prison.

Every complaint must comply with the pleading requirements of Fed. R. Civ. P. 8(a)(2), which requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id*. "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*.; *see Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016).

In determining the sufficiency of a *pro se* complaint, the Court must be mindful to accept its factual allegations as true, *see James v. City of Wilkes–Barre*, 700 F.3d 675, 679 (3d Cir. 2012), and to construe it liberally in favor of the plaintiff. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992). With these standards in mind, the Court has reviewed the Complaint and finds that Plaintiff's claims against Defendants must be dismissed for failure to state a claim.

First, with regard to the claim against Cranston, in § 1983 actions, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates[.]" *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Instead, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* While affirmative action by a supervisory official is not required to state a § 1983 claim, Plaintiff must still allege that "a supervisor . . . had knowledge and acquiesced in the subordinate's unconstitutional conduct." *Barkes v. First Corr. Med. Inc.*, 766 F. 3d 307, 316 (3d Cir. 2014) (rev'd on other grounds); *see Evancho v. Fisher*, 423 F. 3d 347, 353 (3d Cir. 2005) ("Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence.").

Here, Plaintiff summarily asserts Cranston allowed correctional officers to wear masks and body armor in order to carry out assaults against inmates. However, the conclusory allegation that Cranston "knows everything that goes on in his County and he allows his officers . . . assault inmates" is simply too general and not supported by any facts. For example, Plaintiff does not plead any facts to support the allegation that Cranston had advanced knowledge of these alleged assaults and/or acquiesced to their occurrence. Nor does Plaintiff allege any facts to establish a pattern or practice, such as the occurrence of similar incidents in the past. Indeed, if such a practice was, in fact, occurring, it is unlikely to go unnoticed, especially by the inmates, and Plaintiff should have little difficulty providing additional factual allegations detailing any such incidents. Here, Plaintiff simply implies that Cranston "knows everything" and acquiesced to the alleged conduct based on a single, isolated incident involving Plaintiff. The law, however, requires more. *See Egan v. Concini*, 585 F. Supp. 801, 803-04 (M.D. Pa. 1984) ("[I]n order to hold a supervisor liable for an isolated incident under § 1983, it is insufficient merely to show that the defendant is the superior of the person who actually committed the illegal or unconstitutional act. . . . [T]he complaint [must]

3

state that the defendant actually participated in or had actual knowledge of and acquiesced in the event forming the basis of the claim.") (citing *Hampton v. Holmesburg Prison Officials*, 546 F. 2d 1077 (3d Cir. 1976)). As such, the claim against Cranston is dismissed without prejudice for failure to state a claim upon which relief may be granted.

Second, as to the claim against Francis, Plaintiff has not alleged that his constitutional rights have been violated. "[G]enerally, there is no statutory or common law right, much less a constitutional right, to an investigation." *Fuchs v. Mercer Cty.*, 260 F. App'x 472, 475 (3d Cir. 2008) (quoting *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007)). Furthermore, "allegations [that] . . . merely assert [a defendant's] involvement in the post-incident grievance process" are insufficient to establish liability. *Alexander v. Gennarini*, 144 F. App'x 924, 925 (3d Cir. 2005). "Merely responding to or reviewing an inmate grievance does not rise to the level of personal involvement necessary to allege an Eighth Amendment deliberate indifference claim." *Tenon v. Dreibelbis*, 606 F. App'x 681, 688 (3d Cir. 2015). While the Court understands Plaintiff's frustration with the prison grievance system, because there are no facts suggesting Francis had knowledge of and/or acquiesced to the alleged assault prior to its occurrence, there is simply no constitutional basis to find him liable for that incident. Accordingly, Plaintiff's claim against Francis is dismissed without prejudice for failure to state a claim upon which relief may be granted.

Having dismissed all claims asserted, the Complaint must also dismissed. In the interest of justice, Plaintiff shall have thirty (30) days from the date of this Memorandum Opinion to file an Amended Complaint that cures the defects identified herein.

**Date: January 9, 2017**                             */s/ Brian R. Martinotti*
                                                       **HON. BRIAN R. MARTINOTTI**
                                                       **United States District Judge**